UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES CARMICHAEL, DARRYL HOWARD, )
STEVEN HOWARD, AND TERRENCE )
MASON, )
                                                           )
           Plaintiffs,                      )   Civil Action No.: 2:07CV976-WKW
                                                          )   Plaintiff Demands Jury Trial
v.                                                    )
                                                          )
BRAGGS LUMBER & TIMBERS COMPANY, )
INC., a corporation licensed and doing business )
in the State of Alabama, )
                                                          )
          Defendant.                    )

## COMPLAINT

**COME NOW,** the Plaintiffs, against the above-captioned Defendant, and would show unto this Court as follows:

### JURISDICTION AND VENUE

1.    Plaintiffs file this Complaint and invoke the jurisdiction of this Court under and by virtue of the First Amendment to the Constitution of the United States, 42 U.S.C. § 1981(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 28 U.S.C. § 1367, the doctrine of supplemental jurisdiction, to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiffs' rights as guaranteed by the Constitution of the United States, and by federal law.

2.    The violations of Plaintiffs' rights as alleged herein occurred in Lowndes County, Alabama, and were committed within the Middle District of the State of Alabama.

## STATEMENT OF THE PARTIES

3. Plaintiff, Darryl Howard (hereinafter, "Darryl" or "Plaintiff"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, African-American, and a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.

4. Plaintiff, Steven Howard (hereinafter, "Steven" or "Plaintiff"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, African-American, and a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.

5. Plaintiff, Terrance Mason (hereinafter, "Mason" or "Plaintiff"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, African-American, and a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.

6. Plaintiff, James Carmichael (hereinafter, "Carmichael" or "Plaintiff"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, African-American, and a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.

7. Defendant Braggs Lumber & Timbers Company, Inc. (hereinafter, "Braggs" or "Defendant") is a domestic corporation licensed and doing business within the State of Alabama.

## NATURE OF PROCEEDINGS

8. This is a proceeding for a declaratory judgment as to Plaintiffs' rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiffs and all others similarly situated because of race, and

restraining the further subjection of Plaintiffs to disparate treatment with respect to the making and enforcement of contracts. This Complaint also seeks restitution to the Plaintiffs of all rights, privileges, and benefits that would have been received by Plaintiffs but for the defendant's unlawful and discriminatory practices. Further, Plaintiffs seek compensatory and punitive damages for their suffering as a consequence of the wrongs alleged herein. Further, Plaintiffs seek such equitable relief, costs, and fees, as to which they may be entitled.

9. Plaintiffs aver that the defendant, by and through their agents, acted to deny Plaintiffs their rights under the laws of the United States of America and the State of Alabama and that such action was designed to discriminate against Plaintiffs who are members of a protected class, Black.

10. Plaintiffs aver that the defendant's actions were designed to prevent them and others similarly situated from obtaining an equality with non-protected group members in the making and enforcement of contracts and access to public accommodations.

11. As a proximate result of the illegal actions alleged above, Plaintiffs have been damaged in that they have been deprived of the right to gainful employment with the employer of their choosing, as well as caused to suffer financial loss, great humiliation, pain, suffering, and mental anguish from then until now.

12. Plaintiffs aver that the defendant acted to create a disparate environment with the specific intent or the result to deprive Plaintiffs of their rights as alleged above and to cause Plaintiffs to be damaged and to discriminate against them because of their race, Black, and that the defendant is aware of such disparate environment and has failed to either prevent or correct the same.

## FACTUAL ALLEGATIONS

13. Plaintiffs expressly adopt, as if fully set forth herein, the allegations in each of the foregoing paragraphs.

14. On or about April or May, 2007, Plaintiffs were employed by Defendant.

15. Plaintiffs' were qualified for the jobs which they performed while employees of Defendant.

16. Plaintiffs, to the best of their knowledge and belief, were never disciplined or reprimanded by Defendant for deficient or unsatisfactory job performance.

17. On or around September, 2007, at approximately the end of Plaintiffs' shift, Plaintiffs' supervisor terminated Plaintiffs' employment. Plaintiffs' supervisor failed and / or refused to provide Plaintiffs with an explanation for their termination.

18. Defendant immediately and without delay replaced Plaintiffs with Hispanic employees.

19. Plaintiffs were terminated solely because of their race, African-American.

## CAUSES OF ACTION

20. As to the cause of action set forth below, Plaintiffs expressly adopt, as if fully set forth herein, the allegations of each and all of the preceding paragraphs.

### COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981(a)

21. Plaintiffs claim that the acts complained of herein impaired their rights under 42 U.S.C. § 1981(a), specifically that the acts of discrimination affected the making of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships enjoyed with Defendant.

22. Plaintiffs aver that those benefits, privileges, terms and conditions of which Plaintiffs were either deprived or whose right to same was impaired by acts of discrimination, were enjoyed by Hispanic persons.

23. Plaintiffs aver that the discrimination complained of is causally connected to their race, African-American.

24. As a result of the violations of Plaintiffs' rights under 42 U.S.C. § 1981(a), Plaintiffs have been damaged and claim entitlement to any and all relief as may be afforded them to redress said wrongs.

25. Plaintiffs maintain alternately that Defendant is liable under 42 U.S.C. § 1981(a) pursuant to the doctrine of respondeat superior.

## PRAYER FOR RELIEF

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiffs pray that the Court will:

a) Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of 42 U.S.C. § 1981(a);

b) Under 42 U.S.C. §1981(a), permanently enjoin the Defendant, related agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, particularly further discrimination and retaliation as against Plaintiffs, and from continuing any and all other practices shown to be in violation of applicable law;

c) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that it not discriminate on the basis of race;

d) Grant Compensatory damages to Plaintiffs of One Hundred Thousand Dollars, each;

e) Grant Punitive damages to Plaintiffs in an amount to be determined by the trier of

facts;

f) Grant Plaintiffs back-pay, fringe-benefits, and the costs of this action, including reasonable attorney's fees; and

g) Grant such other, further and different relief as this Court may deem just and proper to include all other equitable and legal relief as to which they may be entitled.

RESPECTFULLY SUBMITTED on this the 26th day of October, 2007.

/s/ Andy Nelms
K. ANDERSON NELMS
847 So. McDonough Street, Ste 100
Montgomery, AL 36104
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K

OF COUNSEL:

Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)


**The Defendant may be served at the following address:**

Braggs Lumber & Timbers Company, Inc.
Jct Hwy 263 and 21
Minter, Alabama 36761

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001007
Cashier ID: brobinso
Transaction Date: 10/31/2007
Payer Name: ANDERSON NELMS AND ASSOC
----------------------------------------
CIVIL FILING FEE
 For: ANDERSON NELMS AND ASSOC
 Case/Party: D-ALM-2-07-CV-000976-001
 Amount:         $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 1237
 Amt Tendered: $350.00
----------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00
```